IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, | CRIMINAL NO. 3:07-1517-CMC |
| v. | **OPINION and ORDER** |
| Michael J. Hampton, Jr., | |
| Defendant. | |

Defendant, proceeding *pro se*, seeks relief in this court pursuant to 28 U.S.C. § 2255. Defendant raises three Grounds for Relief in his motion. The Government filed a motion for summary judgment. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Defendant of the summary judgment procedure and the consequences if he failed to respond. Defendant filed a response to the Government's motion, and this matter is ripe for resolution.

Defendant raises three Grounds for Relief, all relating to the status of his prior state court convictions. Grounds One and Three maintain that Defendant received ineffective assistance of counsel, at trial and on appeal. Ground Two of Defendant's motion contends that he is "actually innocent" of the sentence imposed by this court, which he argues violates Due Process. *See generally* Mot. and Mem. in Supp. of Mot. (ECF No. 190 & 190-1).

**I. BACKGROUND**

In December 2007, Defendant was indicted for felon in possession of a firearm and ammunition, a violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e). On September 19, 2008, the Government filed an Information under 18 U.S.C. § 924(e), notifying Defendant he was subject to certain enhanced penalties upon conviction.

In October 2008, Defendant exercised his right to trial by jury. On October 30, 2008, the jury

1

returned a guilty verdict. In preparation for sentencing, a Presentence Report (PSR) was prepared by the United States Probation Office. Based on the number and type of Defendant's prior state court convictions, Defendant was found to be an Armed Career Criminal. Defendant therefore faced a mandatory minimum term of imprisonment of fifteen (15) years.

A contested sentencing hearing was held May 12, 2009. This court heard argument from both parties and overruled an objection made by the Government and the numerous objections lodged by both Defendant and his trial counsel. Thereafter, the court granted a downward variance to Defendant, and sentenced him to a term of 300 months' imprisonment, a term of five (5) years' supervised release, and imposed a mandatory special assessment fee.

Defendant filed a timely notice of appeal. On December 16, 2010, the Fourth Circuit Court of Appeals affirmed Defendant's conviction and sentence. *United States v. Hampton*, 628 F.3d 654 (4th Cir. 2010). On February 29, 2012, Defendant filed the instant motion for relief.[1]

## II. STANDARD – INEFFECTIVE ASSISTANCE OF COUNSEL

Two of Defendant's three Grounds for Relief allege ineffective assistance of counsel. Ground One contends that Defendant received ineffective assistance of appellate counsel; Ground Three maintains that Defendant received ineffective assistance of trial counsel.

The standard governing ineffective assistance of counsel claims is found in *Strickland v. Washington*, 466 U.S. 668 (1984). In order to succeed on such a claim, Defendant must first show that his counsel's performance was "deficient," *Strickland*, 466 U.S. at 687-88, and that such deficiency resulted in actual prejudice to Defendant. *Id*. As to the first prong of the *Strickland* test,

---

[1]Because Defendant is incarcerated, he benefits from the "prison mailbox rule," as enunciated in *Houston v. Lack*, 487 U.S. 266 (1988). The motion is dated February 29, 2012, and the envelope in which it was mailed was marked by prison mailroom authorities on March 1, 2012. It was received for filing by the Clerk of Court on March 5, 2012.

a defense attorney's conduct is deficient if it fails to meet a standard of "reasonably effective assistance." *Id*. at 687. A reviewing court must "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690. *See also Lockhart v. Fretwell*, 506 U.S. 364, 371-72 (1993).

The second prong of the *Strickland* test provides that Defendant must show that he suffered prejudice as a result of counsel's alleged ineffectiveness. Defendant must show that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Strickland*, 466 U.S. at 687.

In certain cases, it is not necessary to determine whether counsel's performance was deficient if the claim is readily dismissable for a lack of prejudice. *Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."). *See also McHone v. Polk*, 392 F.3d 691, 704 (4th Cir. 2004) (noting that when a defendant "fails to demonstrate sufficient prejudice from certain acts or omissions" a court "need not decide whether counsel's performance in those respects was, in fact, deficient under *Strickland* ").

In applying *Strickland* to claims of ineffective assistance of appellate counsel, this court accords appellate counsel the "presumption that he decided which issues were most likely to afford relief on appeal." *Pruett v. Thompson*, 996 F.2d 1560, 1568 (4th Cir. 1993). Appellate counsel is not obligated to assert all nonfrivolous issues on appeal; there is hardly any question about the importance of examining the record and having appellate counsel select the most promising issues for review. *Jones v. Barnes*, 463 U.S. 745, 752 (1983). *See also Smith v. South Carolina*, 882 F.2d 895, 899 (4th Cir. 1989). "'Winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from evidence of incompetence, is the hallmark of effective appellate

3

advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones*, 463 U.S. at 751). S*ee also Smith v. South Carolina*, 882 F.2d at 899 (counsel's failure to raise a weak constitutional claim may constitute an acceptable strategic decision designed "to avoid diverting the appellate court's attention from what [counsel] felt were stronger claims"). Although it is possible to bring a successful ineffective assistance of appellate counsel claim based on failure to raise a particular issue on direct appeal, the Supreme Court has reiterated that it is "difficult to demonstrate that counsel was incompetent." *Smith v. Robbins*, 528 U.S. 259, 288 (2000). "Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome'" *Id*. at 288 (quotation and citation omitted).

To establish prejudice relating to the actions of appellate counsel, Defendant must establish a reasonable probability that, but for his counsel's unreasonable failure to include a particular issue on appeal, he would have prevailed on his appeal. *See id*. at 285-86.

### III. DISCUSSION

#### A. GROUND ONE – INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

Defendant's first Ground for Relief contends he received ineffective assistance of appellate counsel. Defendant maintains appellate counsel did not communicate with him until after the appellate brief was filed and that counsel was ineffective in failing to raise an appellate challenge to Defendant's Armed Career Criminal designation. In response to the Government's summary judgment motion, Defendant abandons his contention that counsel failed to communicate with him until after the appellate brief was filed. However, Defendant presents argument that he is not an Armed Career Criminal, and, accordingly, "there exist[s] a genuine issue of a material fact[ ] as to whether court appointed counsels' [sic] were ineffective . . . concerning his predicate offenses." Resp. at 5 (ECF No. 207).

4

For the following reasons, even assuming ineffective assistance of counsel, Defendant cannot establish that he suffered prejudice. *See Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one.").

### 1. ARMED CAREER CRIMINAL DESIGNATION

Defendant argues that five of his prior State of South Carolina convictions are not qualifying predicate offenses for use in determining whether he is an Armed Career Criminal. Even if Defendant's prior South Carolina conviction for failure to stop for a blue light (FTSBL) is no longer a qualifying "violent felony" after *United States v. Rivers*, 595 F.3d 558 (4th Cir. 2010), Defendant still has the requisite number and type of predicate offenses under § 924(e) to designate him as an Armed Career Criminal.

#### a. POSSESSION OF "CRACK" COCAINE WITH INTENT TO DISTRIBUTE, FIRST OFFENSE

Defendant argues that his prior State of South Carolina drug distribution conviction from 1995 does not qualify as a "serious drug offense" under § 924(e) because he was given a sentence under South Carolina's Youthful Offender Act (YOA). *See* S.C. Code Ann. § 24-19-50. This argument was raised at Defendant's sentencing and rejected. *See* Tr. of Sentencing Hrg. at 14 (ECF No. 143). This argument was not presented on appeal.

Under 18 U.S.C. 924(e)(1), a defendant convicted of § 922(g) is subject to an enhanced sentence he has at least three prior convictions for either a "violent felony" or "serious drug offense," or both, committed on occasions different from one another. The term "serious drug offense" means an offense under State law, involving the manufacturing, distributing, or possessing with intent to distribute, a controlled substance, for which a maximum term of imprisonment of ten years or more is prescribed by law. 18 U.S.C. § 924(e)(ii).

On March 24, 1995, Defendant was convicted in South Carolina General Sessions Court of possession with intent to distribute "crack" cocaine, first offense. This is a felony conviction which exposed him to a sentence of not more than fifteen (15) years' imprisonment. S.C. Code § 44-53-375(B). The fact that Defendant received a youthful offender sentence has no legal significance applicable to this issue. *See United States v. Williams*, 508 F.3d 724, 726-30 (4th Cir. 2007) (upholding a youthful offender offense as an armed career criminal predicate). Therefore, Defendant's adult conviction for possession with intent to distribute "crack" cocaine, first offense, is a qualifying predicate for Armed Career Criminal, regardless of the fact that he was sentenced to a YOA sentence.

Defendant also argues that this court erred at sentencing because this court did not apply the "modified categorical approach" to the consideration of this offense as "required by the South Carolina divisible statute approved by the Fourth Circuit Court of Appeals" in *United States v. Brandon*, 247 F.3d 186 (4th Cir. 2001). Defendant relies on the recent unpublished case of *United States v. Hinson*, 363 F. App'x 998 (4th Cir. 2010) for the premise that had the court "properly" applied the modified categorical approach, this offense would not be a qualifying predicate offense under § 924(e). *See* Resp. at 5 (ECF No. 207).

This argument is without merit. The Defendant in *Hinson* pleaded guilty to possession of cocaine. *Hinson*, 363 F. App'x at 1000-01. In contrast, in the current case, Defendant pleaded guilty to possession with intent to distribute "crack" cocaine, first offense. *See* ECF No. 113-1 at 12, 14 (copies of cover sheet of state court indictment and sentencing sheet). The offense to which Defendant pleaded guilty contained the required elements of a "serious drug offense" under § 924(e)(2)(A)(ii) because it involved "possessing with intent to . . . distribute a controlled substance," and there was no need to apply *Brandon* or the modified categorical approach. Accordingly, this

6

conviction is a proper predicate offense for Armed Career Criminal.

### B. ASSAULT ON A POLICE OFFICER

Defendant next argues that his conviction for assault on a police officer while resisting arrest should not count as a "violent felony" under § 924(e) because (again) he received a sentence under the South Carolina YOA, and because South Carolina treats this offense as a "non-violent" offense. *See* Memo. in Support of Mot. at 12 (ECF No. 190-1). These arguments were raised and rejected at Defendant's sentencing. *See* ECF No. 143 at 25-29. However, Defendant did not raise these issues on appeal.

This position is without merit. Under § 924(e)(2)(B), "the term 'violent felony' means any crime punishable by imprisonment for a term exceeding one year, . . . that [ ] has as an element the use, attempted use, or threatened use of physical force against the person of another . . . ." Defendant's prior conviction for assault on a police officer specifically includes as an element of the offense the use of physical force against the person of another. Therefore, whether a state legislature labels an offense as "violent" or "non-violent" has no bearing on whether the conviction in question meets the definition of "violent felony" in § 924(e). As to Defendant's "Youthful Offender Act" argument, the fact that Defendant received a sentence under the YOA does not change the fact that the offense of which he was convicted carried a potential penalty of more than one year in prison and contains the elements of use of physical force against another. Therefore, Defendant's arguments relating to his assault on a police officer conviction are rejected.

### C. DISTRIBUTION OF COCAINE, FIRST OFFENSE

Defendant makes no argument relating to his 2005 South Carolina conviction for distribution of cocaine, first offense. This offense contained, as an element, distribution of a controlled substance. The maximum term of imprisonment for this offense was – and is – ten years or more.

Therefore, this conviction was – and is – a valid predicate offense for Defendant's designation as an Armed Career Criminal.

### D. ABHAN

Defendant next argues that his South Carolina ABHAN conviction is not a "violent felony" under § 924(e) because it is deemed a "non-violent" offense under South Carolina law. However, as discussed above, the labeling of an offense as "violent" or "non-violent" under state law does not determine whether an offense meets the federal statutory definition of "violent felony" under § 924(e). This same objection was raised at sentencing and rejected. *See* Sentencing Tr. at 30-31.

As to the substance of whether Defendant's South Carolina ABHAN conviction is a "violent felony," Defendant was indicted in South Carolina General Sessions Court in 2002 for "commit[ting] an assault and battery upon the victim . . . constituting an unlawful act of violent injury to the person of the said victim, accompanied by circumstances of aggravation." Mem. Supp. Mot. Summ. J. at 15 (quoting PSR language at ¶ 22). On March 17, 2003, Defendant pleaded guilty "as indicted." ECF No. 113-1 at 9.

In *United States v. Bethea*, 603 F.3d 254, 256 (4th Cir. 2010), the Fourth Circuit reiterated that in examining whether a prior conviction is a "violent felony," a court must first determine "whether the [crime] proscribes conduct that 'as generally committed' includes an element of violence." Where a crime broadly criminalizes conduct "that could be 'generally committed' in multiple ways, some violent and some not, the categorical approach is inapplicable." *Id*. *Cf. United States v. Rivers*, 595 F.3d 558, 563 (4th Cir. 2010) (modified categorical approach applicable where "behavior underlying, say, breaking into a building differs so significantly from the behavior underlying, say, breaking into a vehicle, that for ACCA purposes, a sentencing court must treat the two as different crimes.") (*quoting Chambers v. United States*, 555 U.S. 122, 125 (2009)).

In South Carolina, ABHAN is a common law offense. As "generally committed," "ABHAN is the unlawful act of violent injury to another accompanied by circumstances of aggravation. Circumstances of aggravation include the use of a deadly weapon, the intent to commit a felony, infliction of serious bodily injury, great disparity in the ages or physical conditions of the parties, a difference in gender, the purposeful infliction of shame and disgrace, taking indecent liberties or familiarities with a female, and resistance to lawful authority." *Tate v. State*, 570 S.E.2d 522, 527 (S.C. 2002) (citations omitted).

Because ABHAN can be "'generally committed' in multiple ways, some violent and some not," *Bethea*, 603 F.3d at 256, ABHAN appears to be an offense to which a court would apply the "modified categorical approach" to determine whether it qualifies as a predicate offense under § 924(e). Recent Fourth Circuit case law supports this approach. *See United States v. Spence*, 661 F.3d 194 (4th Cir. 2011); *United States v. Kinney*, 468 F. App'x 260 (4th Cir. 2012); *United States v. Wells*, __ F. App'x __, 2012 WL 2366164 (4th Cir. 2012).

In *Shepard v. United States*, 544 U.S. 13 (2005), the Supreme Court limited the type of documents which a court may consult to determine whether a prior conviction is a "violent felony" under § 924(e) to "the charging document, the terms of a plea agreement or transcript of colloquy, . . . or to some comparable judicial record." 544 U.S. at 26. *See also United States v. Foster*, 674 F.3d 391, 392 (4th Cir. 2012). In Defendant's circumstance, the sentencing sheet indicates Defendant pleaded guilty "as indicted." Therefore, the only available *Shepard*-approved documents indicate that Defendant pleaded guilty to an offense which "constituted an unlawful act of violent injury to the [victim]."

However, neither the indictment nor sentencing sheet indicate the "violent injury" inflicted nor the circumstance of aggravation which accompanied Defendant's ABHAN conviction.

9

Therefore, without additional judicially approved material, the court cannot conclusively determine that Defendant's ABHAN conviction was a "violent felony" under § 924(e). Accordingly, for purposes of this motion only, the court does not reach the issue of whether this ABHAN conviction was a qualifying predicate offense under § 924(e) and accordingly does not count this conviction in the number of predicate offenses necessary for Defendant to be an Armed Career Criminal.

### 2. CONCLUSION – GROUND ONE

For the reasons noted above, Defendant cannot establish ineffectiveness or prejudice to succeed on Ground One. Even if Defendant's FTSBL conviction and ABHAN conviction are not counted as predicate offenses under § 924(e), Defendant still has the requisite number of predicate offenses under § 924(e) to be an Armed Career Criminal. Therefore, the Government is entitled to summary judgment on Ground One and it is dismissed with prejudice.

### B. GROUND TWO – ACTUAL INNOCENCE

For the reasons discussed above relating to Ground One, this Ground for Relief is without merit. Because Defendant is not "actually innocent" of his sentence, it does not violate Due Process. Accordingly, the Government is entitled to summary judgment on this Ground, and it is dismissed with prejudice.

### C. GROUND THREE – INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

Defendant's Third Ground for Relief contends he received ineffective assistance of trial counsel when counsel "prevailed upon [Defendant] that it was in his best interest to stipulate [during trial] that he had previously been convicted" of a felony offense, Mem. Supp. Mot. at 15, and that counsel "fail[ed] to investigate Defendant's prior convictions," Mot. at 7. Defendant relies upon *United States v. Jennings*, 323 F.3d 263 (4th Cir. 2002), for the proposition that his civil rights had previously been restored, and that therefore he did not have a qualifying prior felony conviction for

purposes of Armed Career Criminal.

For the reasons stated by the Government, with which the court agrees and adopts, Defendant's argument is without merit. Therefore, Defendant cannot establish counsel was ineffective, and this claim fails. The Government is entitled to summary judgment on this Ground, and it is dismissed with prejudice.

### IV. CONCLUSION

For the above noted reasons, the Government is entitled to summary judgment. The Government's motion is **granted**, and the motion under 28 U.S.C. § 2255 is *dismissed with prejudice*.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie  
CAMERON McGOWAN CURRIE  
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina  
August 24, 2012