IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, | CRIMINAL NO. 3:07-1517-CMC |
| v. | **OPINION and ORDER** |
| Michael J. Hampton, Jr., | |
| Defendant. | |

This matter is before the court on Defendant's motion for reconsideration. ECF No. 211. Defendant contends that the court erred in finding that he had abandoned his claim of ineffective assistance of counsel on appeal, and that he should be granted relief under the Fourth Circuit's decision in *United States v. Gomez*, __ F.3d __, 2012 WL 3243512 (4th Cir. Aug. 10, 2012).

Defendant's first Ground for Relief in his § 2255 motion contended he received ineffective assistance of appellate counsel. Defendant maintains appellate counsel did not communicate with him until after the appellate brief was filed and that counsel was ineffective in failing to raise an appellate challenge to Defendant's Armed Career Criminal designation. In the Opinion and Order filed August 24, 2012, this court found that Defendant had abandoned his claim of ineffective assistance of appellate counsel, but that "even assuming ineffective assistance of counsel, Defendant cannot establish that he suffered prejudice." Opinion and Order at 5 (ECF No. 208).

The court finds, upon reconsideration, that Defendant's claim that counsel failed to communicate with him until after the appellate brief was filed is patently false, as evidenced by the record in this matter. An attachment to the affidavit of Raymond Rigat, filed in support of the Government's motion for summary judgment, is a letter from Defendant, dated January 11, 2010. ECF No. 203-2. In this letter, Defendant states "I received your letter [notifying Defendant of his

1

appointment by the Fourth Circuit] about 2 months ago and was [grateful] that you could be able to handle my appeal. . . . The reason I didn't contact you right off was because this whole federal system has me confused and off-balanced." ECF No. 203-2 at 5. The appellate brief in this matter was not filed until January 19, 2010. *See United States v. Hampton*, Docket No. 09-4455, Entry No. 50, filed Jan. 19, 2010.[1] Accordingly, for this reason and because Defendant cannot establish prejudice on this claim, the court affirms its finding that the Government is entitled to summary judgment on this claim and it is dismissed with prejudice.

As to Defendant's assertion regarding *Gomez*, a review of the court's August 24 Opinion and Order reveals that *Gomez* is of no aid to Defendant. Defendant pleaded guilty to state court crimes which are enumerated in 18 U.S.C. § 924(e)(2)(A)(ii).[2] Accordingly, it was "not necessary for [this] court to examine additional material regarding the conviction[s]." *United States v. Vinson*, 340 F.3d 882, 883 (4th Cir. 2009).

Defendant next argues that this court failed to address his contention that "his conviction for resisting arrest and failure to stop occurred on a 'single occasion' and the court erred in separating

---

[1]This Court may take judicial notice of Fourth Circuit Court of Appeals No. 09-4455, *United States v. Hampton*. *See*, *e.g.*, *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

[2]On March 24, 1995, Defendant pleaded guilty to possession with intent to distribute "crack" cocaine, first offense. *See* ECF No. 113-1 at 12, 14 (copies of cover sheet of state court indictment and sentencing sheet). The offense to which Defendant pleaded guilty contained the required elements of a "serious drug offense" under § 924(e)(2)(A)(ii) because it involved "possessing with intent to . . . distribute a controlled substance," and the maximum penalty was ten years or more imprisonment.

Defendant made no argument in his § 2255 motion relating to his 2005 South Carolina conviction for distribution of cocaine, first offense. This offense contained, as an element, distribution of a controlled substance. The maximum term of imprisonment for this offense was – and is – ten years or more. Therefore, this conviction was – and is – a valid predicate offense for Defendant's designation as an Armed Career Criminal.

2

the same." Mot. at 3. This argument is without merit.

Defendant's motion for reconsideration, even in light of review of the record regarding his allegations of ineffective assistance of appellate counsel, is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie  
CAMERON McGOWAN CURRIE  
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
September 13, 2012